IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL TREPICCHIO, individually and on behalf of all others similarly situated;

              Plaintiff(s),

-against-

WELTMAN, WEINBERG & REIS CO., LPA and JOHN DOES 1-25

              Defendant(s).

---

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL TREPICCHIO (hereinafter, "Plaintiff"), a New Jersey resident, brings this Class Action Complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant WELTMAN, WEINBERG & REIS CO., LPA (hereinafter "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer"

as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection law firm with its principal office located at 3705 Marlane Drive, Grove City, Ohio 43123.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of (a) all individuals nationwide to whom Weltman, Weinberg & Reis Co., LPA mailed a collection letter (b) in an attempt to collect an amount owed or allegedly owed to SLM PRIVATE CREDIT STUDENT LOAN TRUST 2005-B (c) which failed to notify the recipient that interest, late fees, or other charges were accruing (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners,

managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

19. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is

    whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to November 03, 2016, an obligation was allegedly incurred to SLM PRIVATE CREDIT STUDENT LOAN TRUST 2005-B ("SLM").

25. The SLM obligation arose out of a student loan transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The alleged SLM obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. SLM is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. The SLM debt directly or through an intermediary contracted the Defendant to collect the alleged debt.

29. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30. On or about November 03, 2016, Defendant sent a letter (the "Letter") to the Plaintiff a collection letter regarding the alleged debt owed to SLM. *See* **Exhibit A.**

31. Plaintiff received the letter and read it.

32. The Letter states in part:

"Balance Due as of November 3, 2016: $10,011.49"

33. Upon information and belief, interest, late fees, and/or other charges were accruing daily on the alleged debt.

34. The Defendant failed to notify the Plaintiff on the Letter that interest, late fees, or other charges were accruing, and that the balance due on the day that Plaintiff paid may be greater than the amount listed.

13. In *Miller v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 214 F. 3d 872 (7th Cir. 2000), the 7th Circuit sets forth a requirement of a debt collector to notify consumers that the amount of the debt is increasing due to interest, late fees, or other charges "in cases like this where the amount varies from day to day." *Id.* at 876.

35. A District Court in the Third Circuit has followed the reasoning in *Miller* determining that a plaintiff has stated a claim under the FDCPA because the letter contained "no indication of whether interest has accrued or will continue to accrue on the balance." See *Marucci v. Cawley & Bergmann, LLP*, No. CIV. 2:13-4884-KM, 2014 WL 71404964, at *8.

36. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

37. The FDCPA gives consumers a statutory right to receive certain information, including an accurate statement regarding the amount owed on a debt, which the Plaintiff was deprived of by the Defendants' actions.

38. Defendant's violations of the FDCPA further harmed the Plaintiff by subjecting the Plaintiff to improper and deceptive collection practices, in violation of the Plaintiff's statutorily created substantive rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

39. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section by:

- Falsely representing the amount of the debt in violation of §1692e(2)
- Making a false and misleading representation in violation of §1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

  (d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  (e) Awarding pre-judgment interest and post-judgment interest; and

  (f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 13, 2016   */s/ Yitzchak Zelman*
               Yitzchak Zelman, Esq.
               MARCUS & ZELMAN, LLC
               1500 Allaire Avenue, Suite 101
               Ocean, New Jersey 07712
               (732) 695-3282 telephone
               (732) 298-6256 facsimile
               yzelman@marcuszelman.com
               *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 13, 2016   */s/ Yitzchak Zelman*
               Yitzchak Zelman, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  December 13, 2016   */s/ Yitzchak Zelman*
               Yitzchak Zelman, Esq.